** PART I ** RE: EMPLOYMENT STATUS AND COMPENSATION OF STEWARDS, OFFICIAL VETERINARIANS, TEST BARN ASSISTANTS, AND TEST BARN ESCORTS.
IN LIGHT OF THE RECENT DEMAND LETTER YOU RECEIVED FROM REMINGTON PARK, WE HAVE DETERMINED THAT IT WOULD BE INAPPROPRIATE TO ISSUE AN ATTORNEY GENERAL'S OPINION ADDRESSING ALL THE QUESTIONS PRESENTED IN YOUR REQUEST, AS SOME OF THE ISSUES PRESENTED WILL VERY LIKELY SOON BE ADDRESSED IN LITIGATION. WE HAVE DETERMINED HOWEVER, THAT IT IS POSSIBLE TO ADDRESS SOME OF THE ISSUES PRESENTED, AS THOSE QUESTIONS RELATE TO PERSPECTIVE APPLICATION OF THE LAW. YET, EVEN AS TO PERSPECTIVE APPLICATION, AN OFFICIAL OPINION IS NOT POSSIBLE, BECAUSE THE RESOLUTION OF THE ISSUES PRESENTED REQUIRES EXAMINATION OF SOME FACTUAL MATTER. MORE SPECIFICALLY, DETERMINING THE LEGISLATURE'S INTENT, IN THE INSTANT CASE, REQUIRES AN EXAMINATION OF CONTEMPORANEOUS CIRCUMSTANCES EXISTING AT THE TIME OF THE LEGISLATURE'S LATEST ENACTMENTS DEALING WITH THE QUESTIONS PRESENTED. ACCORDINGLY, I AM PROVIDING YOU WITH THE FOLLOWING INFORMAL OPINION — MY OPINION — WHICH ADDRESSES PERSPECTIVE APPLICATION OF EXISTING LAW.
QUESTIONS PRESENTED
1. WHETHER IT IS THE LEGISLATURE'S INTENTION THAT STEWARDS, OFFICIAL TRACK VETERINARIANS, HORSE IDENTIFIERS, TEST BARN ASSISTANTS AND TEST BARN ESCORTS BE EMPLOYEES OF THE OKLAHOMA RACING COMMISSION, RATHER THAN EMPLOYEES OF THE RACETRACK AT WHICH THEY OFFICIATE?
2. WHETHER IT IS THE INTENT OF THE LEGISLATURE THAT THE COST OF COMPENSATING THESE RACING OFFICIALS, OFFICIATING AT A RACETRACK, BE BORN TOTALLY BY THE OWNERS OF THE RACETRACKS?
DISCUSSION
BACKGROUND
THE QUESTIONS YOU POSE REQUIRE REVIEW AND EXAMINATION OF THE PROVISIONS OF 3A O.S. 203.4 (1990) AND RELATED ACTS OF THE LEGISLATURE. THE PROVISIONS OF 3A O.S. 203.4 (1990) REQUIRE THE FOLLOWING:
 "AT EACH RACE MEETING HELD PURSUANT TO THE PROVISIONS OF THE OKLAHOMA HORSE RACING ACT THE COMMISSION SHALL EMPLOY THREE INDIVIDUALS TO BE STEWARDS. THE COMMISSION SHALL DESIGNATE ONE OF THE INDIVIDUALS AS CHIEF STEWARD AND THE OTHER TWO INDIVIDUALS AS ASSISTANT STEWARDS. THE COMPENSATION OF THE STEWARDS SHALL BE PAID BY THE COMMISSION AND SAID COST SHALL BE REIMBURSED BY THE ORGANIZATION LICENSEE. SAID REIMBURSED FUNDS SHALL BE DEPOSITED BY THE COMMISSION TO THE CREDIT OF THE GENERAL REVENUE FUND OF THE STATE TREASURY. ALL OTHER RACING OFFICIALS AT A RACE MEETING SHALL BE APPROVED BY THE COMMISSION AND COMPENSATED BY THE ORGANIZATION LICENSEE. THE STEWARDS AND OTHER RACING OFFICIALS SHALL ENFORCE THE RULES AND REGULATIONS OF THE COMMISSION AND THE PROVISIONS OF THE OKLAHOMA HORSE RACING ACT AND SHALL RENDER WRITTEN REPORTS OF THE ACTIVITIES AND CONDUCT OF THE RACE MEETINGS TO THE COMMISSION."
AS YOU KNOW, FOR MANY YEARS IT HAS BEEN THE PRACTICE OF THE COMMISSION TO TREAT THE RACING OFFICIALS LISTED ABOVE, WHO OFFICIATE AT RACETRACKS, AS INDEPENDENT CONTRACTORS, WITH THE COMMISSION MAKING INITIAL CONTRACT PAYMENTS, AND THE RACETRACKS FULLY REIMBURSING THE COMMISSION. AS YOU FURTHER KNOW, WHILE SOME OF THE COMMISSION'S LICENSE CLERKS ARE STATIONED AT RACING TRACKS, THE COMMISSION HAS NEVER TREATED THEM AS RACING OFFICIALS, BECAUSE THEY HAVE NOTHING TO DO WITH CONDUCTING OR OFFICIATING HORSE RACES.
ACCORDINGLY, THE COMMISSION HAS ALWAYS TAKEN THE POSITION THAT THE COMMISSION IS RESPONSIBLE FOR COMPENSATING THE LICENSE CLERKS, AND THAT CONSEQUENTLY THE RACETRACKS ARE NOT RESPONSIBLE FOR COMPENSATING THE LICENSE CLERKS.
AS YOU ARE ALSO AWARE, THE PAST COST OF PROVIDING RACING OFFICIALS AT RACETRACKS CONSTITUTED APPROXIMATELY 60% OF THE COST OF ALL COMMISSION EMPLOYEES AT THE TRACKS, WITH THE OTHER 40% GOING TO PAY LICENSE CLERKS.
IN 1990, BOTH THE INTERNAL REVENUE SERVICE AND THE UNITED STATES DEPARTMENT OF LABOR DETERMINED THAT COMMISSION PERSONNEL, INCLUDING BOTH LICENSE CLERKS AND THE RACING OFFICIALS LISTED ABOVE, WERE NOT INDEPENDENT CONTRACTORS, BUT RATHER WERE COMMISSION EMPLOYEES. WHEN INFORMED OF BOTH THE DECISION OF THE INTERNAL REVENUE SERVICE AND THE DEPARTMENT OF LABOR, THE LEGISLATURE RESPONDED BY AMENDING THE RACING COMMISSION'S 1990 APPROPRIATION BILL.
TWO OF THE CHANGES IN THE APPROPRIATION BILL ARE HIGHLY SIGNIFICANT IN ADDRESSING THE QUESTIONS PRESENTED. THE FIRST SIGNIFICANT CHANGE WAS THE INCREASE IN THE NUMBER OF AUTHORIZED COMMISSION FULL-TIME EQUIVALENT EMPLOYEES. THE NUMBER OF AUTHORIZED EMPLOYEES WAS INCREASED FROM 19 TO 71. 1990 OKLA. SESS. LAWS, CH. 266, 58. ALSO SEE 1990 OKLA. SESS. LAWS, CH. 37, 3.
THE SECOND SIGNIFICANT CHANGE IN THE APPROPRIATION BILL WAS THE ADOPTION OF THE FOLLOWING LANGUAGE:
 "OF THE AMOUNT OF ONE MILLION SIX HUNDRED SEVEN THOUSAND TWO HUNDRED TWENTY-FOUR DOLLARS ($1,607,224.00) DESIGNATED IN SECTION 75 OF THIS ACT, THE SUM OF FOUR HUNDRED FIFTY-THREE THOUSAND EIGHT HUNDRED ELEVEN DOLLARS ($453,811.00) SHALL BE UTILIZED FOR THE PURPOSE OF PAYING SALARIES AND BENEFITS OF PERMANENT/PART-TIME EMPLOYEES. IT IS THE INTENT OF THE LEGISLATURE THAT THE HORSE RACING COMMISSION RECOVER SIXTY PERCENT (60%) OF THE COST OF THE PERMANENT/PART-TIME EMPLOYEES FROM THE RACETRACKS WHICH USE THE EMPLOYEES." 1990 OKLA. SESS. LAWS, CH. 266, 60.